IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

THOMAS TALBERT,

       Petitioner,

v.                                                                                              Case No. 3:14-cv-22222

MARVIN PLUMLEY, Warden,
Huttonsville Correctional Center,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

On July 11, 2014, Thomas Talbert (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and a Memorandum of Law in support thereof (ECF No. 2). This matter was assigned to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the Court are the Petitioner's Motion for Stay and Abeyance of Section 2254 Petition (ECF No. 11), and the Respondent's Counter-Motion to Dismiss Certain Grounds of Section 2254 Petition (ECF No. 21).[1] The Magistrate Judge has submitted findings of fact (ECF No. 29) recommending that this Court deny the Petitioner's Motion for Stay and Abeyance of Section 2254 Petition (ECF No. 11) and grant the Respondent's Counter-Motion to Dismiss Certain Grounds of Section 2254 Petition (ECF No. 21), dismiss Grounds One, Four, Five, Six, Seven, Eight and Nine on the independent and adequate

---

[1] Also pending are the Respondent's Motion for Summary Judgment (ECF No. 19) and the Petitioner's Cross-Motion for Summary Judgment (ECF No. 23), which will be subsequently addressed by the Magistrate Judge in a separate document.

state law basis of procedural default, and leave this matter referred to the Magistrate Judge for additional proceedings concerning Grounds Two and Three.

Petitioner has filed objections to the PF&R for several reasons. In his first Objection, Petitioner appears to claim that a *Losh* waiver[2] should not apply as a procedural bar to pursue relief on Grounds One, Four, Five, Six, Seven, Eight, and Nine because (1) Mr. Flesher, Petitioner's attorney, failed to explain the implications of *Losh* and failed to ensure that Petitioner raised all claims he did not want to waive in his circuit court proceedings, (2) Petitioner never affirmatively waived other *Losh* grounds on the record and a *Losh* list waiver form was not made a record of the court, and (3) Judge Ferguson failed to allow Petitioner an opportunity to pursue any other claims in a (second) "true omnibus hearing." In essence, Petitioner is claiming that, regarding *Losh*, his actions did not constitute a true and voluntary waiver and that the state court has not followed its own rules/laws concerning state habeas procedure. He further asserts that even if the court relies upon a lack of diligence to find that there is not adequate cause and prejudice to overcome the procedural default, as the Magistrate Judge recommends, Petitioner should at least be permitted to pursue Ground One because he addressed Ground One in his subsequent original jurisdiction habeas proceeding with the Supreme Court of Appeals of West Virginia ("SCAWV").

## ANALYSIS

As explained by the Magistrate Judge, Petitioner failed to raise grounds One, Four, Five, Six, Seven, Eight, or Nine in his section 2254 petition on either his direct appeal or his state habeas appeal. Petitioner's claims are therefore procedurally defaulted and he should be foreclosed from pursuing relief on such claims in the federal courts. *See Smith v. Murray*, 477 U.S. 527 (1986). Procedural default is an adequate and independent state law ground for dismissal by a federal court.

---

[2] As set forth in in *Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981).

*Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). One exception to procedural default, allowing review of a defaulted claim, can be established by showing cause for the default and prejudice from the failure to review the claim. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996). In general, "cause" refers to "some objective factor external to the defense that impeded counsel's efforts" to comply with the State's procedures. *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1999). "Prejudice" means that the alleged error worked to the petitioner's "actual substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *McCarver v. Lee*, 221 F.3d 583, 592 (4th Cir. 2000) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *see also Wolfe v. Johnson*, 565 F.2d 140, 158 n.27 (4th Cir. 2009).

Here, Petitioner claims cause exists because he was denied a "true omnibus hearing" and his *Losh* waiver was not knowing and voluntary. This argument is without merit. First, Petitioner was provided a true omnibus hearing, in which his attorney, Mr. Flesher, raised the claims that Petitioner had filed with the circuit habeas court. According to the Respondent's Memorandum of Law, the petitioner filed a *pro se* Amended Petition for a Writ of Habeas Corpus in the Circuit Court of Cabell County on July 18, 2011. (ECF No. 17, Ex. 14). The Amended Petition raised the following grounds for relief:

1. Invalid life recidivist sentence [based upon improper reliance on a conviction in 2001 pursuant to a previous enactment of W. Va. Code 17C-5-2].

2. Invalid life recidivist sentence [based on ineffective assistance of counsel arising from trial counsel's alleged failure to identify the State's improper reliance on the 2001 conviction].

(*Id.*). Mr. Flesher was then subsequently appointed as counsel for Petitioner and filed an Amended Supplemental Memorandum in support of Petitioner's habeas corpus petition. (ECF No. 17, Ex. 16). Mr. Flesher described the Petitioner's claims as follows:

3

> Petitioner alleges the enhanced life sentence imposed by the Cabell County Circuit Court on January 25, 2007, for third offense DUI pursuant to the recidivist statute (W. Va. Code 61-11-18(c)) violates both his State and Federal Constitutional rights (Article III, Section 4 of the West Virginia Constitution, and Article I, Section 10 of the United States Constitution) as having been determined following improper *ex post facto* application of the recidivist statute to a prior DUI conviction.
>
> \*\*\*
>
> Petitioner raised in his Petition and in his Supplemental Petition herein filed the *Losh List* allegation of the lack of competent and effective assistance of legal counsel and representation. Without commenting or elaborating further, here, it would appear that Petitioner's counsel failed to timely raise the appropriate *ex post facto* argument at the 2001 DUI sentencing, and, again at the 2006 DUI sentencing phase trial, actions on Petitioner's behalf, in hindsight, [which] appear to have been in order to have adequately protected Petitioner's rights and interests.

(*Id.* at 2).

After a hearing on March 22, 2012, which consisted almost solely of oral argument concerning the Petitioner's statutory claims, the circuit court denied the Petitioner habeas corpus relief by Order entered on March 29, 2012. (ECF No. 17, Ex. 17). On June 14, 2012, the state habeas court entered a "Final Order Denying Petitioner's Writ of Habeas Corpus with Findings of Fact and Conclusions of Law." (ECF No. 17, Ex. 20). The habeas court found that W. Va. Code § 17C-5-2 was valid as applied to the Petitioner's convictions, and that "Petitioner has offered no evidence showing any of his numerous trial counsel were in anyway [sic; any way] Constitutionally Ineffective." (*Id.* at 1). The habeas court further found that "the petitioner has failed to introduce any evidence on any other non-waived issue on his Losh List Waiver; all other grounds waived by the petitioner for purposes of his Omnibus Hearing." (*Id.* at 1-2). Petitioner had an opportunity to appeal this decision to the SCAWV, which he did on July 3, 2012.

On June 28, 2013, the SCAWV issued a Memorandum Decision denying the Petitioner's habeas appeal. *Talbert v. Ballard*, No. 12-0798 (June 28, 2013); (ECF No. 17, Ex. 25). The Court found that the circuit court properly denied habeas corpus relief on any other grounds not waived

4

in the petitioner's *Losh* list due to the fact that the petitioner failed to proffer "any evidence that would support granting petitioner's petition for writ of habeas corpus." (*Id.* at 2). The Memorandum Decision specifically found that there was "no reason for another hearing before the circuit court." (*Id.*) (emphasis added). As such, the omnibus hearing afforded to Petitioner has been reviewed by the circuit court and the SCAWV. These courts have affirmed that a true omnibus hearing was provided to Petitioner and this Court concurs.

To the extent Petitioner claims his *Losh* waiver was not knowing and voluntary, due to ineffective assistance of counsel at the omnibus hearing, this Court agrees with the analysis of the Magistrate Judge, finding that in order to determine that Petitioner's claim is of the magnitude to establish cause[3] to overcome procedural default, a due diligence element is inherently required. In other words, even if Petitioner could establish that the conduct of either the habeas court or his habeas counsel constitutes cause for the procedural default of Grounds One, Four, Five, Six, Seven, Eight and Nine of his section 2254 petition (due to the issues he raises regarding his *Losh* waiver), Petitioner must also establish that he acted with diligence to present the defaulted claims. An

---

[3] As noted in the PF&R, (ECF No. 29), the Magistrate Judge properly determined that some of Petitioner's claims potentially implicate the application of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court held that inadequate assistance of counsel at initial collateral review (habeas) proceedings may establish "cause" and "prejudice" to overcome the procedural default of a claim of ineffective assistance of trial counsel. Here, Grounds One, Four, Five, Six and Seven address ineffective assistance of the Petitioner's trial counsel in his 2006 third offense DUI trial, or the lack of counsel in his recidivist proceeding thereafter, and as such, *Martinez* could be applicable. However, this Court agrees with the Magistrate Judge, that the *Martinez* decision does not automatically render such claims reviewable in federal court. Rather, the petitioner must establish that his state habeas counsel was, indeed, ineffective by failing to raise such claims, that the underlying claims of ineffective assistance of trial counsel were substantial (that is, that they have "some merit"), and that the petitioner was prejudiced by the failure to have the claims addressed in the state courts.

Here, Petitioner did successfully raise a ground of ineffective assistance of counsel (arising from trial counsel's alleged failure to identify the State's improper reliance on the 2001 conviction) in his *pro se* habeas proceedings which were then supplemented by Mr. Flesher in an additional memorandum. (ECF No. 17, Ex. 14, 16). As such, this case is different than *Martinez* in that Petitioner's habeas counsel did successfully raise a ground for ineffective assistance of trial counsel, just not every ground of ineffective assistance of trial counsel Petitioner allegedly wanted to raise. This detracts from any argument Plaintiff may have that Mr. Flesher was "ineffective" and that *Martinez* should apply as a remedy. Furthermore, to the extent this failure could establish cause, Petitioner failed to pursue these grounds with due diligence as is discussed *infra*.

absence of reasonable diligence will defeat an assertion of cause and prejudice. *See Hoke v. Netherland*, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). Here, Petitioner failed to assert Grounds One, Four, Five, Six, Seven, Eight or Nine in his *pro se* filings that were filed while he was attempting to obtain another omnibus hearing. Specifically, neither the "Letter of Notice of Intent to Raise Specific Claims," nor "the Supplement to Letter of Notice of Intent to Raise Specific Claims" raised any of the claims addressed in Grounds One, Four, Five, Six, Seven, Eight and Nine of his section 2254 petition. (ECF No. 17, Ex. 18, 19). Although the Petitioner asserted ineffective assistance of his 2006 trial counsel in those documents, he failed to raise any of the specific bases of ineffective assistance contained in the federal petition. *Id.*

Furthermore, to the extent Petitioner maintains that a procedural bar should not apply because his *Losh* List was not made of record during his state habeas proceedings, a written waiver form is not required. Although *Losh v. McKenzie* recommends a written form to enhance the administrative efficiency of such proceedings, the court in *Losh* specifically stated, "[a]t the conclusion of the hearing, the judge should enter a comprehensive order which addresses not only the grounds actually litigated, but the grounds waived as well. Courts may employ whatever method they choose to accomplish this comprehensive waiver. . . ." *Losh v. McKenzie*, 277 S.E.2d 606, 612 (W. Va. 1981). The circuit court adhered to this ruling when, after hearing oral argument concerning Petitioner's statutory claims, it entered an order stating in part:

> The Court, <u>having been advised that Petitioner's *Losh* List grounds for habeas relief are limited and restricted to claims of</u> ineffective assistance of counsel relative to his plea entered as a result of his 2001 DUI arrest and the Court's lack of jurisdiction relative to the 2001 sentencing Court having then considered and treated Petitioner's 1994 prior DUI arrest and subsequent conviction as a first offense DUI when applying the recidivist statute at the time of sentencing thus resulting in the 2001 DUI conviction becoming an enhanced misdemeanor felony. As a result thereof, the Court sentenced Petitioner following his 2006 jury trial conviction upon a 2005 DUI arrest as a third-time offender, pursuant to the recidivist statute resulting in a life with mercy sentence. <u>The Petitioner has thus knowingly and</u>

> intelligently waived any other *Losh* List grounds in the presentation of his Habeas Petition for Relief presently before the Court.

On appeal, the SCAWV found that the circuit court properly denied habeas relief and that there was "no reason for another hearing before the circuit court." *Talbert v. Ballard*, No. 12-0798 (June 28, 2013) (emphasis added); (ECF No. 17, Ex. 25). As such, Petitioner has not established sufficient cause/and or due diligence for Grounds One, Four, Five, Six, Seven, Eight, or Nine to overcome procedural default.

Petitioner also asserted in his Objections that if the Court relies upon a lack of diligence to find that there is not adequate cause and prejudice to overcome the procedural default, he should at least be permitted to pursue Ground One because he addressed Ground One in his subsequent original jurisdiction habeas corpus proceeding with the SCAWV. The Court does not agree with this argument. This is because such efforts were made after the conclusion of a complete round of state habeas proceedings, in which Petitioner could have attempted to pursue such a ground in the circuit court in his pro se filings. Additionally, there is no conceivable ground for cause to excuse the procedural default of Ground One in the context of its appearance in the original jurisdiction habeas corpus proceedings with the SCAWV. Petitioner filed a Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV on April 1, 2014. (ECF No. 17, Ex. 27). On June 6, 2014, the SCAWV refused the Petitioner's amended original jurisdiction habeas corpus petition, without ruling on the merits or finding that such dismissal was with prejudice. *State ex rel. Talbert v. Plumley*, No. 14-0336; (ECF No. 17, Ex. 31). Accordingly, this petition did not exhaust the Petitioner's state court remedies for the claims raised therein, and there is no independent showing of cause to overcome Ground One's procedural default in this context.

Accordingly, having reviewed de novo Petitioner's Objections, the Court **ACCEPTS** and **INCORPORATES** the Findings and Recommendations of the Magistrate Judge.

7

**CONCLUSION**

For the reasons stated herein, Petitioner's Motion for Stay and Abeyance of Section 2254 Petition (ECF No. 11) is **DENIED**, Respondent's Counter-Motion to Dismiss Certain Grounds of Section 2254 Petition (ECF No. 18) is **GRANTED**, Grounds One, Four, Five, Six, Seven, Eight and Nine on the independent and adequate state law basis of procedural default are **DISMISSED**, and this matter is left to Magistrate Judge Tinsley for additional proceedings concerning Grounds Two and Three.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.

ENTER: September 30, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE