# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON

**THOMAS TALBERT,**

      **Petitioner,**

v.                                    **Case No. 3:14-cv-22222**

**MARVIN PLUMLEY, Warden,**
**Huttonsville Correctional Center,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On July 11, 2014, Thomas Talbert (hereinafter "the petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and a Memorandum of Law in support thereof (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pending before the court are the respondent's Motion for Summary Judgment (ECF No. 19) and the petitioner's Cross-Motion for Summary Judgment (ECF No. 23). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion for Summary Judgment (ECF No. 19), **DENY** the petitioner's Cross-Motion for Summary Judgment (ECF No. 23), and dismiss this civil action from the docket of this court.

**PROCEDURAL HISTORY OF PETITIONER'S CASE**

*The petitioner's first two DUI convictions in 1994 and 1996*

The petitioner has an extensive history of convictions for driving under the influence of alcohol (hereinafter "DUI") in Cabell County, West Virginia. His first conviction for DUI, a misdemeanor, occurred on March 14, 1994. His second conviction, which was also charged as a misdemeanor, occurred on September 13, 1996.[1] The petitioner did not appeal either of these convictions to the Supreme Court of Appeals of West Virginia (the "SCAWV").

*The petitioner's third DUI conviction in 2001 (his first felony conviction)*

On March 22, 2000, the petitioner was again arrested in Cabell County for DUI. On May 14, 2001, the petitioner was formally indicted by a Cabell County grand jury for "3rd Offense Driving Under the Influence of Alcohol," "3rd Offense Driving on a Suspended License Because of DUI Conviction" and "Fleeing From an Officer While Under the Influence of Alcohol." *State v. Talbert*, Case No. 01-F-147. (ECF No. 17, Ex. 1). On August 10, 2001, the petitioner pled guilty to the <u>felony</u> offense of 3rd Offense DUI, as contained in the indictment. (ECF No. 17, Ex. 2 at 1). The petitioner also pled guilty to 2nd Offense Driving on a Suspended License, a misdemeanor, which is a lesser included offense of the 3rd Offense Driving on a Suspended License contained in the indictment. (*Id.*) The Judgment Order specifically states:

> Upon said plea, this Court doth ADJUDGE the defendant guilty of "3rd offense Driving Under the Influence of Alcohol," <u>a provable felony offense</u> as contained in Count I . . . .

---

[1] The record before this court does not contain any of the documentation concerning these convictions. This information was taken from the respondent's Memorandum of Law in support of his Motion for Summary Judgment (ECF No. 20 at 2) and the petitioner's May 14, 2001 indictment (ECF No. 17, Ex. 1), which references the two prior convictions in Count I therein, demonstrating that the 2001 charge was for felony third offense DUI.

(*Id.* at 3) (Emphasis added). The petitioner was sentenced to serve not less than one (1) nor more than three (3) years in the penitentiary (a <u>felony</u> sentence) for the 3rd Offense DUI conviction. The petitioner did not appeal this conviction to the SCAWV.[2]

### *The petitioner's fourth DUI conviction in 2003 (his second felony conviction)*

On May 16, 2003, the petitioner was again indicted by a Cabell County grand jury on charges of "3rd Offense Driving Under the Influence of Alcohol," "3rd Offense Driving on a Suspended or Revoked License Because of DUI Conviction," "Fleeing While DUI," and "Battery on a Police Officer." *State v. Talbert*, Case No. 03-F-99. (ECF No. 17, Ex. 3). These charges stemmed from the petitioner's arrests on January 12, 2003 and March 14, 2003. (*Id.*)

On September 4, 2003, the petitioner pled guilty to the <u>felony</u> offense of "3rd Offense Driving Under the Influence of Alcohol," stemming from his arrest on March 14, 2003 (Count III of the indictment), and two counts of "Driving on a Suspended or Revoked License Because of DUI," <u>both felonies</u>, as contained in Counts II and IV of the indictment. (ECF No. 17, Ex. 4). The petitioner also pled guilty to the misdemeanor of "Fleeing," a lesser included offense of the charge contained in Count V of the indictment. (*Id.*). The petitioner was again sentenced to serve one to three years on the 3rd Offense DUI conviction. The petitioner also received concurrent one to three year sentences on his two <u>felony</u> convictions for driving on a suspended or revoked license, and a 12-month consecutive sentence in the Cabell County Jail on the misdemeanor fleeing charge. The petitioner did not appeal these convictions to the SCAWV.

---

[2] The petitioner previously claimed that he is attempting to file a petition for appeal, out of time, concerning his 2001 conviction. However, no such petition is pending before the SCAWV.

3

*The petitioner's fifth DUI conviction in 2006 (his third felony conviction)*

On September 10, 2005[3], the petitioner was again arrested in Cabell County for DUI. On January 18, 2006, the petitioner was indicted by a Cabell County grand jury on one count of "3rd Offense Driving Under the Influence of Alcohol" and one count of "3rd Offense Driving on a Suspended or Revoked License Because of DUI Conviction," both of which are clearly listed as <u>felony</u> offenses in the indictment. *State v. Talbert*, Case No. 06-F-3. (ECF No. 17, Ex. 6).

The petitioner chose to proceed to a jury trial on these charges and was represented by counsel; however, it appears that the trial was bifurcated into a guilt phase and a penalty phase, which were tried to two different juries. On March 22, 2006, a jury found the petitioner guilty of "DRIVING UNDER THE INFLUENCE as charged in the indictment." (ECF No. 17, Ex. 7). Then, on April 13, 2006, a separate jury found that the petitioner was the same person who was convicted of "the crime of Driving Under the Influence" on August 10, 2001 and September 4, 2003. (ECF No. 17, Ex. 8).

*The information charging the petitioner with recidivism*

On April 18, 2006, the Prosecuting Attorney of Cabell County charged the petitioner with Recidivism under West Virginia Code § 61-11-18, by way of an Information filed in Case No. 06-F-3. (ECF No. 17, Ex. 9). The information states as follows:

> 1. That on the 22nd day of March, 2006, THOMAS SPIRAL TALBERT, who was convicted by a jury of his peers of Driving Under the Influence of Alcohol, said conviction actually being for the felony offense of "3rd Offense Driving Under the Influence of Alcohol" due to the defendant's prior convictions for driving under the influence of alcohol and his conviction on April 13, 2006, by a jury of his

---

[3] The respondent's Memorandum of Law in support of his Motion for Summary Judgment appears to contain a typographical error on page 2, where it states that the petitioner was arrested on "September 10, 1995." (ECF No. 20 at 2). However, the respondent references his own Exhibit 6, which is a grand jury indictment stating that the petitioner committed the subject offenses on September 10, 2005. (ECF No. 17, Ex. 6)

4

> peers that he was the same Thomas Spiral Talbert on these prior convictions.

2. That on a previous day the same THOMAS SPIRAL TALBERT who was convicted as indicated in paragraph (1) of this information, was convicted upon his plea of guilty to the felony offense of Third Offense Driving Under the Influence of Alcohol, on the 10th day of August, 2001, in the Circuit Court of Cabell County, West Virginia, as contained in Count I of Information in 01-F-177, for which the said THOMAS SPIRAL TALBERT on the 10th day of August, 2001, did receive a sentence of one (1) to three (3) years in the penitentiary. A copy of the Information and plea of guilty and sentencing order is attached and incorporated herein;

3. That on a previous day the same THOMAS SPIRAL TALBERT who was convicted as indicated in paragraph (1) and (2) of this information, was convicted upon his plea of guilty to the felony offense of Third Offense Driving Under the Influence of Alcohol, on the 4th day of September, 2003, in the Circuit Court of Cabell County, West Virginia, as contained in Count III of Information in 03-F-99, for which the said THOMAS SPIRAL TALBERT on the 29th day of October, 2003, did receive a sentence of one (1) to three (3) years in the penitentiary. A copy of the Information and plea of guilty and sentencing order is attached and incorporated herein;

4. That the defendant, THOMAS SPIRAL TALBERT, is hereby, by virtue of the felony convictions aforesaid, a recidivist and that the State of West Virginia prays that this Court impose a sentence of life in the penitentiary on his conviction for 3rd Offense Driving Under the Influence of Alcohol.

5. That the defendant, THOMAS SPIRAL TALBERT, did unlawfully and feloniously commit the aforementioned criminal acts against the peace and dignity of the State.

(ECF No. 17, Ex. 9).

On January 25, 2007, a separate jury was empanelled and a jury trial was held on the recidivist charge. During those proceedings, the petitioner chose to proceed *pro se*, with stand-by counsel, Glen Conway. (ECF No. 17, Ex. 11). That same day, the jury found as follows:

> We, the jury, agree and find the Defendant, THOMAS SPIRAL TALBERT, is the same person convicted of the crimes of "THIRD OFFENSE DRIVING

UNDER THE INFLUENCE OF ALCOHOL" and 'THIRD OFFENSE DRIVING UNDER THE INFLUENCE OF ALCOHOL," as contained in Recidivist Information No. 06-F-3.

(ECF No. 17, Ex. 10). The trial judge thereafter found the petitioner to be a recidivist and sentenced him to life with mercy. (ECF No. 17, Ex. 11). There is no evidence of record demonstrating that the petitioner appealed either his 2006 conviction or the recidivist sentence.

However, on December 7, 2007, the petitioner filed a pro se Motion for Correction of Sentence. (ECF No. 17, Ex. 12). The Motion for Correction of Sentence asserted that, on March 22, 2006, the jury did not find the petitioner guilty of <u>Third Offense</u> Driving Under the Influence; rather, the petitioner contends that he was only convicted of "Driving Under the Influence," in violation of W. Va. Code § 17C-5-2(d) (2005), which he claimed to be a misdemeanor. Thus, the petitioner further contended that his recidivist sentence was improper because it was not based upon three prior felony convictions. (*Id.*) The petitioner further contended that his recidivist conviction is an *ex post facto* application of the DUI statute, constituted double jeopardy, and violated his right to due process of law. (*Id.*) The trial court denied the petitioner's Motion for Correction of Sentence on December 17, 2009. (*Id.*)

<u>State habeas corpus proceedings with respect to Grounds Two and Three[4]</u>

On February 17, 2012, the petitioner, by court-appointed counsel, W. Stephen Flesher, filed an Amended Supplemental Memorandum in support of Habeas Relief Sought. (ECF No. 17, Ex. 16). Mr. Flesher described the petitioner's claims as follows:

---

[4] Because the presiding District Judge previously found that only Grounds Two, as amended, and Three were exhausted and proper for a review on the merits by this court, the undersigned has limited the discussion of the procedural history of the petitioner's state court habeas corpus proceedings to those grounds and the state courts' rulings thereon, which are the decisions subject to review by this court under 28 U.S.C. s 2254(d).

6

Petitioner alleges the enhanced life sentence imposed by the Cabell County Circuit Court on January 25, 2007, for third offense DUI pursuant to the recidivist statute (W. Va. Code 61-11-18(c)) violates both his State and Federal Constitutional rights (Article III, Section 4 of the West Virginia Constitution, and Article I, Section 10 of the United States Constitution) as having been determined following improper *ex post facto* application of the recidivist statute to a prior DUI conviction.

Specifically, Petitioner contends that a prior DUI conviction in 2001 was considered to be a felony offense for which Petitioner was sentenced to one to three years, the Court having then taken into consideration prior convictions in 1994 and 1995. Petitioner has maintained the 1994 DUI conviction took place before the effective date of the 1995 recidivist statute revision[5] under which Petitioner was sentenced in 2001. Petitioner properly maintains that the recidivist statute was applied to an offense that occurred prior to the enactment of the statute and that such action is, thus, prohibited as having improper and prejudicial *ex post facto* application.

* * *

Applying the *ex post facto* principles to this case, Petitioner's 2001 DUI conviction was improperly enhanced to felony status due to Petitioner's 1994 DUI conviction. That prior 1994 conviction occurred prior to the enactment in 1995 of the recidivist statute applied to determine the status of the 2001 conviction. Thus, if the statute were to have been applied correctly, the 2001 conviction would have been a second offense DUI; not a third.

Now, fast forward to 2006 . . . . Petitioner was convicted following a jury trial of DUI. A bifurcated second trial was held as the penalty phase determination. The State of West Virginia then presented the case as a third offense DUI recidivist matter at the sentencing phase trial, offering proof of a prior conviction in 2003, and of that prior conviction in 2001, and the State obtained a third offense DUI determination. The Petitioner was ultimately sentenced on January 25, 2007, to life with mercy pursuant to W. Va. Code 61-11-18(c).

Petitioner maintains that his 2001 DUI conviction was improperly considered to invoke and apply W. Va. Code 61-11-18(c). Based on the *ex post facto* principles applied above, the 2001 DUI conviction should have been treated and determined by the Court to be a misdemeanor, rather than a felony. W. Va. Code 61-11-18(c) requires that two (2) prior offenses considered both to be ones that are punishable by confinement in a *penitentiary*. (Italics added). Had the 2001 DUI conviction been correctly

---

[5] The undersigned believes that the petitioner's reference to "the 1995 recidivist statute revision" refers to the 1995 amendment of W.Va. Code § 17C-5-2, and not W. Va. Code § 61-11-18 (Punishment for second or third offense of felony), which is commonly referred to "the recidivist statute."

7

>treated as a misdemeanor, by definition, not a crime punishable by being sentenced to a penitentiary, the 2006 DUI conviction would have constituted a second, rather than a third offense. As such, W. Va. Code 61-18-11(a) [sic; 61-11-18(a)] would have instead been applicable to the sentencing phase of Petitioner's 2006 DUI trial.

(ECF No. 17, Ex. 16 at 1-2).

On June 14, 2012, after a hearing, which consisted almost solely of oral argument concerning the petitioner's statutory claim, the state habeas court entered a "Final Order Denying Petitioner's Writ of Habeas Corpus with Findings of Fact and Conclusions of Law" (ECF No. 17, Ex. 20). The state habeas court found that W. Va. Code § 17C-5-2 was valid as applied to the petitioner's convictions. (*Id.* at 1-2). Therefore, the court denied the petitioner habeas corpus relief. (*Id.*)

On July 3, 2012, the petitioner filed a *pro se* Notice of Appeal concerning the denial of his Circuit Court habeas corpus petition. (ECF No. 17, Ex. 21). On October 9, 2012, the petitioner filed his *pro se* Petition for Appeal, which asserted the following concerning the pertinent claims:

>The lower court erred when it did not vacate Petitioner's 2007 recidivist life sentence, enhanced from his 2006 third offense DUI conviction, because it relied on an invalid 2001 third offense DUI conviction. The 2001 conviction was invalid because (a) it relied on a prior 1994 DUI conviction which, by law, could not be regarded as a prior conviction, and (b) Petitioner's 2001 counsel failed to object to the use of the 1994 DUI conviction, thereby denying Petitioner effective assistance of counsel. The lower court should have enhanced Petitioner's 2006 conviction from 1 to 3 years to 2 to 3 years based on one prior felony conviction.

(*Id.* at 4). On June 28, 2013, the SCAWV issued a Memorandum Decision denying the petitioner's habeas appeal. *Talbert v. Ballard*, No. 12-0798 (June 28, 2013), discussed *infra*. (ECF No. 17, Ex. 25). The Mandate affirming the Circuit Court's decision issued on July 29, 2013. (ECF No. 17, Ex. 26).

8

### *The petitioner's instant section 2254 petition*

On July 11, 2014, the petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The only claims remaining for review by this court are Grounds Two and Three, which state:

2. Petitioner stands convicted and imprisoned in violation of his constitutional right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution by virtue of an unconstitutional statute.

3. Petitioner stands convicted and imprisoned in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution by virtue of a void prior conviction status element used to support Petitioner's DUI 3rd.

(ECF No. 1). On February 11, 2015, the petitioner filed a Motion to Amend Ground Two of his Section 2254 Petition (ECF No. 10), which was granted by the undersigned. The amended Ground Two states in pertinent part:

The petitioner contends that:

A. He had a right fixed by judgment for the August 10, 2001, DUI conviction to be a violation of § 17C-5-2, 1996 section only. And that the subsequent legislative enactment of § 17C-5-2, 2005 section, allowed the prosecution to re-open the August 10, 2001, final judgment to make it a violation of § 17C-5-2, 2005 section also (something other than what it was when it was entered on 8-10-2001) in violation of due process of law.

B. That § 17C-5-2, 1996 section, failed to provide Petitioner with fair notice that a violation of § 17C-5-2, 1996 section is also a violation of § 17C-5-2, 2005 section, in violation of substantive due process of law.

C. That Petitioner's constitutional right to a fair notice of what penalties will be imposed for a violation of § 17C-5-2, 1996 section constitutes a liberty interest which was taken without procedural due process.

(ECF No. 10 at 3).

*The parties' Summary Judgment Motions*

On May 6, 2015, the respondent filed a Motion for Summary Judgment (ECF No. 19) and a Memorandum of Law in support of his Motion for Summary Judgment (ECF No. 20).  On May 29, 2015, the petitioner filed a Memorandum in Opposition to the respondent's Motion for Summary Judgment (hereinafter "the petitioner's Response"). (ECF No. 22).  On May 29, 2015, the petitioner also filed a Cross-Motion for Summary Judgment.  (ECF No. 23).  On June 15, 2015, the respondent filed a Response to the petitioner's Cross-Motion for Summary Judgment. (ECF No. 26).  On June 23, 2015, the petitioner filed a Reply brief. (ECF No. 27).  This matter is ripe for adjudication.

## STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), which was adopted as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This is the limited standard of review under which this court must address the petitioner's claims for relief.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court held that under the "contrary to" clause, a federal court may grant a writ of habeas corpus with respect to claims adjudicated on the merits in state court only if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2)

10

if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. The Court further held that under the "unreasonable application" test, a federal court may grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court only if the state court identifies the correct governing principle from the Supreme Court's decision, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413.

Moreover, the AEDPA contains a presumption that a state court's factual findings are correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991). Entry of summary judgment is appropriate when there is "'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Rule 56(c), Fed. R. Civ. P.).

## **ANALYSIS**

Grounds Two and Three of the petitioner's 2254 argue that his 2001 guilty plea to Third Offense DUI limited that conviction to be a violation of the 1996 version of the statute only, and was essentially a "contract whereby the State and Petitioner agreed to the performance of its terms." (ECF No. 1 at 10-11, Ground Three). The 1996 version of W. Va. Code § 17C-5-2 stated in pertinent part:

11

> (k)  A person violating any provision of subsection (b), (c), (d), (e), (f), (g), or (i) of this section for the third or any subsequent offense under this section, is guilty of a felony . . .
>
> (l)  For purposes of subsections . . . (k) of this section relating to second, third and subsequent offenses, the following types of convictions shall be regarded as convictions under this section:
>
> (1)  <u>Any conviction under the provisions of subsection (a), (b), (c), (d), (e), or (f) of the prior enactment of this section for an offense which occurred on or after the first day of September, one thousand nine hundred eight-one, and prior to the effective date of this section</u> . . .

W. Va. Code § 17C-5-2 (1996) [Emphasis added].

The petitioner further contends that the enactment of the 2005 version of the statute re-opened his 2001 conviction, "making it something other than what it was." (ECF No. 1 at 10).  He asserts that, under the 2005 version of the statute, the State was permitted to use his prior 2001 conviction to enhance his September 10, 2005 offense from a misdemeanor second offense to felony third offense DUI (the 2006 conviction), and gave rise to him being sentenced as a recidivist.  (*Id.* at 9-11).  The 2005 version of the statute stated as follows:

> (k)  A person violating any provision of subsection (b), (c), (d), (e), (f), (g), or (i) of this section for the third or any subsequent offense under this section, is guilty of a felony . . .
>
> (l)  For purposes of subsection . . . (k) of this section relating to second, third and subsequent offenses, the following types of convictions shall be regarded as convictions under this section:
>
> (1)  <u>Any conviction under the provisions of subsection (a), (b), (c), (d), (e), or (f) under a prior enactment of this section for an offense which occurred within the ten-year period immediately preceding the date of arrest in the current proceeding.</u>

W. Va. Code § 17C-5-2 (2005) [Emphasis added].

In his habeas appeal, the SCAWV affirmed the judgment of the Circuit Court, and held that the petitioner's 2001 <u>felony</u> conviction under the 1996 enactment of W. Va. Code

12

§ 17C-5-2 and his two additional felony convictions under later versions of the statute were a sufficient basis upon which to sentence the petitioner as a recidivist under W. Va. Code § 61-11-18(c). (*Id.* at 2-3). The SCAWV specifically found as follows:

> Upon our review of the record and the language of the prior enactments of West Virginia Code § 17C-5-2, we find no abuse of discretion by the circuit court in denying relief on this ground. In petitioner's appellate brief, he omitted the language that followed "the prior enactment of this section" and thus, misconstrued the meaning and intent of the 1996 enactment. The DUI statute has been revised multiple times, including in 1995 and 1996. <u>The statute clearly directs that any prior convictions of the 1995 enactment are inclusive in finding second or third offense DUI if they are based on offenses that "occurred on or after the first day of September [of 1981], and prior to the effective date of [the] section." Accordingly, petitioner's 1994 DUI conviction was based on an offense that occurred within the time frame from September 1, 1981, and the effective date of the 1996 enactment</u>. Consequently, the circuit court did not err in finding that petitioner's 2001 third offense DUI conviction was correctly based on two prior DUI convictions. Therefore, we find no error with petitioner's conviction as a habitual offender based on three convictions of third offense DUI.

(*Id.* at 2-3) [Emphasis added].

The respondent's Memorandum of Law in support of his Motion for Summary Judgment asserts that Grounds Two and Three of the petitioner's section 2254 petition "amount to a constitutional challenge of W. Va. Code § 17C-5-2, as it existed at the time of Petitioner's 2001 conviction, for purposes of his recidivist sentencing." (ECF No. 20 at 14-15). Citing to the SCAWV's Memorandum Decision, the respondent asserts:

> The [SCAWV] recognized the flaw in Petitioner's logic and admitted that W. Va. Code § 17C-5-2 has undergone numerous revisions, but surmised that the intent of the West Virginia Legislature was made clear by the inclusion of the September 1, 1981, limitation on which DUI convictions should apply regarding imposition of penalties for second, third and subsequent offense. (*Id.* at 2-3).
>
> Assuming Petitioner's argument regarding application of W. Va. Code § 17C-5-2 to be fallacious, the only remaining charge of constitutional dimension would be a direct challenge to the constitutionality of the statute with respect to its third offense and recidivist penalties. The Supreme Court

13

> of the United States has routinely upheld individual states' sentencing schemes with respect to repeat offenders and recidivist sentencing. *See Solem v. Helm*, 463 U.S. 277 (1983); *Ewing v. California*, 538 U.S. 11 (2003). Further, the Fourth Circuit has specifically upheld the constitutionality of W. Va. Code § 17C-5-2, denying habeas relief to a prisoner challenging his life sentence imposed as a result of his third offense DUI conviction and resulting recidivist proceedings. *See Appleby v. Warden, Northern Regional Jail and Correctional Facility*, 595 F.3d 532 (4th Cir. 2010).

(*Id.* at 15-16). Thus, in light of these holdings, and the fact that the petitioner has not challenged the constitutionality of his recidivist proceeding itself, the respondent contends that the petitioner's claims amount only to a challenge to the state courts' interpretation of a state statute, and further contends that such interpretation is not an unreasonable application of the statute in accordance with federal constitutional law. (*Id.* at 16). The respondent asserts that the petitioner was properly convicted and sentenced pursuant to W. Va. Code § 17C-5-2, both at the time of the petitioner's conviction in 2001, and at the time that he was convicted in 2006 and found to be a recidivist in 2007. Therefore, the respondent contends that the petitioner cannot demonstrate a denial of his due process rights.

Relying on the Supreme Court's decision in *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964), the petitioner's Response (ECF No. 22) and his Cross-Motion for Summary Judgment (ECF No. 23) contend that his right to due process was violated because he did not receive fair notice (1) that his 2001 conviction (under the 1996 version of the statute) constituted a felony rather than a misdemeanor second offense DUI; and (2) that his 2001 conviction could be used (under the 2005 version of the statute) to enhance his 2006 conviction and justify recidivist status. (ECF No. 22 at 9-10; ECF No. 23 at 2-4). The petitioner further asserts that the SCAWV's interpretation of the DUI statute in its Memorandum Decision denying his habeas appeal was "an unexpected and

unforeseeable retroactive judicial enlargement of W. Va. Code § 17C-5-2 and violates Petitioner's right to procedural and substantive due process according to *Bouie*." (ECF No. 22 at 9-10; ECF No. 23 at 5-6). Therefore, he contends that the SCAWV's decision was an unreasonable application of the statute in contradiction of *Bouie*.

> Concerning the fair notice issue, the petitioner contends:
>
> The relevant terms of the [1996] statute define the prohibited conduct as any conviction under "the prior enactment" (W. Va. Code § 17C-5-2). Whereas, Petitioner's predicate offense and conviction of 1994 which triggered his life sentence under the State's recidivist statute *preceded* "the prior enactment" of the 1996 section of W. Va. Code § 17C-5-2 and is therefore not useable for enhancement purposes as a matter of State law.

(ECF No. 23 at 2). The petitioner further asserts that "the salient facts make clear that Petitioner did not commit the act of Felony Third Offense DUI under the contested statute; he received no notice that his conduct on March 14, 1994 fell within the reach of the 1996 statute." (*Id.* at 3).

In support of his claim, the petitioner argues that the West Virginia Legislature amended § 17C-5-2 in 2004 to change "the prior enactment" to "a prior enactment," and then amended it again in 2005 to limit the operative time period for prior convictions to 10 years prior to "the arrest in the current proceeding." (*Id.* at 3 and n.1). Citing to *Bouie*, he asserts that "[t]he constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." 378 U.S. at 351, citing *United States v. Harris*, 347 U.S. 612, 617 (1954). The petitioner then concludes that:

> Accordingly, by applying such a construction of the statute to affirm Petitioner's conviction in this case, the State has punished him for conduct

15

> that *was not clearly defined as a felony at the time he committed it*, and hence has violated the requirement of the Due Process Clause that a criminal statute give fair notice of the conduct which it prohibits. Thus, Petitioner did not violate the statute as it was written.

(*Id.* at 4). The petitioner further argues that the SCAWV's interpretation of the DUI statute as applied to the petitioner was an "unexpected and unforeseen enlargement of the statute" and ""broadened the statute past the terms of the plain language" again turns on the phrase "the prior enactment." He asserts:

> [T]he contested statute allots for a conviction under "the prior enactment," which may include an "offense" that was committed dating back to 1981. In other words, a defendant deemed to have committed an "offense" (not a conviction) anytime after 1981 would only be subject to the penalty of the 1996 statute, if his **conviction** fell within "the prior enactment" of 1995 as contemplated by the statute.

(*Id.* at 5).

The petitioner further contends that "a person of *ordinary* intelligence (not lawyers and judges) would have construed the contested (1996) statute as meaning that a 'conviction' within 'the prior enactment' of 1995 operated as a prerequisite for enhancement purposes, which may include an 'offense' dating back to 1981." (*Id.*) Therefore, the petitioner's Cross-Motion for Summary Judgment contends that the statute as interpreted by the SCAWV "turns the legislature's intent of the relevant statute on its head and operates as nothing short of a new interpretation of the statute, which ironically, said reasoning was ultimately adopted by the legislature in 2004 . . ." (changing "the prior enactment" to "a prior enactment"). (*Id.* at 6).

The respondent's Response to the petitioner's Cross-Motion for Summary Judgment asserts that the petitioner "plainly knew that he was repeatedly and habitually breaking the law when choosing to drive under the influence, yet for some reason or another chose to continue to do so." (ECF No. 26 at 1). The respondent further contends

that the petitioner's fair notice claim fails because he "should have known and most likely did know, after his fourth driving under the influence offense, that his fifth chance would be his last." (*Id.* at 2). Thus, the respondent asserts that the petitioner cannot now claim ignorance of the consequences of his conduct. (*Id.*)

The petitioner's Reply brief (ECF No. 27) reiterates the arguments made in his Response and Cross-Motion for Summary Judgment, and emphasizes that "the material fact is whether or not Petitioner received fair notice that his conduct constituted a felony at the time of the alleged violation" and that "any reasonable individual would have taken West Virginia's DUI statute for what it said, requiring a 'conviction' within 'the' prior enactment." (*Id.* at 5-6).

This federal court is bound by the SCAWV's interpretation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Garner v. Louisiana*, 368 U.S. 157, 166 (1961) ("The views of the state's highest court with respect to state law are binding on the federal courts."). Thus, this court is not free to reinterpret the West Virginia DUI statute.

The SCAWV's decision under review found that the petitioner's 2001 conviction was properly treated as a felony third offense DUI under the 1996 version of the W. Va. Code § 17C-5-2, and further found that the 2001 felony conviction was properly used as a prior felony conviction to render the petitioner a recidivist in 2007. At bottom, this federal court must simply determine whether that decision was contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

The petitioner's argument that his right to due process was violated because he did not have fair notice that his 2001 conviction was a felony is belied by the fact that he pled guilty to a <u>felony</u> (third offense DUI) and received a <u>felony</u> sentence of one to three years.

17

Second, contrary to the petitioner's assertions, the language of West Virginia Code § 17C-5-2 in the 1996 version was sufficiently explicit to inform a reasonably intelligent person of the consequences of prior convictions under prior enactments of the statute, as set forth in the SCAWV opinion.

Furthermore, the petitioner's assertion that he did not have fair notice that his 2001 conviction could later be used to enhance his 2006 conviction, and render him a recidivist, also lacks merit. As noted in *Appleby v. Warden, N. Reg'l Jail & Corr. Facility*, "'the defendant need not be advised of all collateral consequences of his plea' which are those that do not result in 'a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" 595 F.3d 532, 536 (4th Cir. 2010) (quoting *Cuthrell v. Dir., Patuxent Inst.*, 475 F.3d 1364, 14655-66 (4th Cir. 1973)). The *Appleby* case further made clear that recidivist proceedings are of a "separate nature" and, thus, are "collateral proceedings." *Id.* at 538.

Additionally, in *Oyler v. Boles*, 368 U.S. 448, 452 (1962), the Supreme Court held that a defendant need not receive notice of impending recidivist proceedings during the trial on the underlying triggering offense. While not identical to the circumstances herein, the undersigned believes *Oyler* to be instructive on the issue of whether the petitioner herein was denied fair notice, in either 2001 or 2006, of the collateral consequences of his 2001 felony conviction on his 2006 felony conviction and his recidivist proceeding. Aside from *Bouie*, which does not appear to be squarely applicable to the instant case, the petitioner has not identified any clearly established United States Supreme Court precedent which he believes to have been transgressed by the state courts' decisions concerning his convictions and recidivist sentence.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the SCAWV's decision interpreting W. Va. Code § 17C-5-2 and denying the petitioner habeas corpus relief was neither contrary to, nor an unreasonable application of, clearly established federal law. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and that the respondent, and not the petitioner, is entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion for Summary Judgment (ECF No. 19), **DENY** the petitioner's Cross-Motion for Summary Judgment (ECF No. 23), and dismiss this civil action from the docket of this court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Chambers.

  The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

<u>March 2, 2016</u>

_____
Dwane L. Tinsley
United States Magistrate Judge