IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

THOMAS TALBERT,

    Petitioner,

v.                                                      Case No. 3:14-cv-22222

MARVIN PLUMLEY, Warden,
Huttonsville Correctional Center,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

On July 11, 2014, Thomas Talbert (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and a Memorandum of Law in support thereof (ECF No. 2). This matter was assigned to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On September 1, 2015, the Magistrate Judge issued Proposed Findings and Recommendation on some of the issues presented. ECF No. 29. Petitioner objected to the Findings and Recommendation. ECF No. 31. On September 30, 2015, this Court denied the objections and dismissed all but Petitioner's second and third "ground." ECF No. 32. On March 2, 2016, the Magistrate Judge entered Proposed Findings and Recommendation (ECF No. 36) on the remaining issues and recommends that this Court grant Respondent's Motion for Summary Judgment (ECF No. 19), deny Petitioner's Cross-Motion for Summary Judgment (ECF No. 23), and dismiss this action from the docket of the Court. On March 8, 2016, Petitioner filed objections to the Proposed Findings and Recommendation. ECF No. 37. Upon review, the

Court finds Petitioner's objections are without merit and **ADOPTS AND INCORPORATES HEREIN** the Findings and Recommendation of the Magistrate Judge.

Petitioner's first objection is that the PF&R references *State v. Talbert*, Case No. 01-F-147 as being his relevant underlying conviction on August 10, 2001, when it actually was *State v. Talbert*, Case No. 01-F-177. The exhibits submitted by Respondent provide that Petitioner pled guilty and was sentenced on August 10, 2001 for conduct that occurred on March 22, 2000 to "'3rd Offense Driving under the Influence of Alcohol', a provable felony offense as contained in Count 1 and '2nd Offense Driving on a Suspended or Revoked License Because of DUI Conviction', a lesser included misdemeanor offense as contained in Count II of Indictment No. 01-F-147." *Order of the Cir. Ct. of Cabell County, W. Va.*, ECF No. 17-1, Ex. 2, at 7 (Entered on Aug. 13, 2010); *see also Indictment No. 01-F-147*, ECF No. 17-1, Ex. 1, at 2 (Filed May 14, 2001). Petitioner was then sentenced to a term of imprisonment in the state penitentiary "of not less than one (1) nor more than three (3) years on Count I of the Indictment No. 01-F-147." *Id*. Petitioner also was sentenced to a concurrent term of twelve months in the Cabell County Jail and fined $1,000 on Count II of Indictment No. 01-F-147, with these sentences to run concurrent to the sentences Petitioner received in Information Case No. 01-F-177. *Id*. at 7-8. Count III of the Indictment, charging Petitioner with "Fleeing From an Officer While Under the Influence of Alcohol," was dismissed. *Id*. at 8.

Although not entirely clear from the limited record before this Court, it appears that on August 10, 2001, Petitioner also pled guilty to a three-count Information for conduct that occurred on February 28, 2001, in which Count I charged Petitioner with "'3rd Offense Driving

2

Under the Influence of Alcohol', a provable felony offense[.]" ECF No. 17-2, Ex. 27, at 84. Count II charged him with "'Driving on a Suspended or Revoked License Because of DUI Conviction', a provable misdemeanor offense," and Count III charged him with ''Obstruction of a Police Officer' a provable misdemeanor offense[.]" *Id.*; s*ee also Waiver of Right to be Charged by Indictment*, ECF No. 17-2, Ex. 27, at 83. For these offenses, Petitioner was sentenced to a term of imprisonment in the state penitentiary "of not less than one (1) nor more than three (3) years on Count I[,]" and a term of six months in the Cabell County Jail and fined $100 on Count II, and a period of twelve months in the Cabell County Jail and fined $50 on Count III. The court further directed that these sentences run concurrent to one another and the sentences in Indictment No. 01-F-147. *Id.*

When the Information was filed in Case No. 06-F-3 charging Petitioner with Recidivism, paragraph 2 states that Petitioner was convicted of Third Offense Driving Under the Influence of Alcohol on August 10, 2001, in Count I of Information No. 01-F-177, for which he received a sentence of one to three years in the penitentiary. *Information Charging Recidivism in Case No. 06-F-3¸* ECF No. 17-1, Ex. 9, at 29-30. The Recidivism Information also referenced convictions in 2006 and 2003. On January 25, 2007, a jury returned a verdict finding the defendant guilty of the charge contained in the Recidivist Information No. 06-F-3. *Verdict Form*, ECF No. 17-1, Ex. 10, at 32. Thereafter, Petitioner was sentenced to life with mercy.

Although it does appear that the Magistrate describes Petitioner's conviction on August 10, 2001 of 3rd Offense DUI in Case No. 01-F-147, and not his conviction on the same day for 3rd Offense DUI in Case No. 01-F-177, the Magistrate Judge quotes the Recidivism

3

Information which refers to Case No. 01-F-177 as being a predicate offense. Petitioner fails to explain how the fact the Magistrate referenced Case No. 01-F-147 in the procedural history section of the Findings and Recommendation changes the substantive analysis and recommendation made by the Magistrate. Upon review, the Court finds no meritorious challenge and denies the objection.

Next, Petitioner asserts the reason why he has not appealed his August 10, 2001 conviction is because "he is not being provided access to state court process[.]" *Obj. to Mag. Judge's PF&R,* at 2. However, Petitioner's contention is belied by the record in this case, and the Court denies the objection.

The remainder of Petitioner's objections generally involve whether he received fair notice that he was being charged with felony offenses, rather than misdemeanors; whether he knew he would be subject to the recidivism statute; and whether the Supreme Court of Appeals of the State of West Virginia retroactively judicially enlarged the offense. The Court has thoroughly reviewed the specific content of these objections and finds the Magistrate fully explains why Petitioner's assertions are without merit. As the Court agrees with the Magistrate's analysis, the Court denies the remainder of Petitioner's objections as being without merit for the reasons stated in the PF&R.

Accordingly, having reviewed de novo Petitioner's objections, the Court **ACCEPTS** and **INCOPORATES** the Findings and Recommendation of the Magistrate Judge, **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19), **DENIES** Petitioner's

Cross-Motion for Summary Judgment (ECF No. 23), and **DISMISSES** this civil action from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.

ENTER: March 30, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE